## A. A. Hutchinson *v.* The State.

1. Newly discovered evidence, in order to warrant a new trial, must have been discovered since the former trial, and be such as reasonable diligence could not have secured at the former trial; be material in its object, and not merely cumulative or collateral; nor simply to impeach a witness; and be likely, on another trial, to produce a different result; and in support of the motion, the affidavit of the witness should, as a general rule, be filed; and when the case presents an exception to this rule, the absence of the affidavit must be accounted for. See state of case in which a motion for new trial, based upon newly discovered evidence, *held* not to be a compliance with these rules.

2. Diligence. — Due diligence is not manifest when it appears that the defendant, relying upon the promises of witnesses to be present at the trial, has not caused subpœnas to be issued and served upon them.

Appeal from the County Court of Brown. Tried below before the Hon. W. H. Scott, County Judge.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.   This prosecution was under an information charging appellant with an aggravated assault and battery. The defendant pleaded not guilty, submitted matters of law, as well as of fact, to the court, and the court found him guilty of a simple assault.

The only assignment of error is: " The court erred in overruling defendant's motion for a new trial." The evidence introduced on the part of the State sustains the judgment of the court below. The defendant offered no evidence.

The motion for new trial was based mainly upon the newly discovered evidence of one Seaborn Williams. The motion is not accompanied with the affidavit of said Williams, but with the affidavit of G. A. Hinson, who states that Dr. T. H. East told him that Seaborn Williams was present at the time of the altercation, and could prove the facts set out in the motion. The residence of Williams is not given. It is stated in the motion that he is not accessible at this time.

The defendant has not brought himself within the well-established rules, to entitle him to a new trial on the ground of newly discovered evidence. These rules are plainly set out by this court in the case of *West* v. *The State*, 2 Texas Ct. App. 209. Defendant further states in his motion that said East, and one Vaughn, who resides in Brown County, are material witnesses to his defence ; that defendant had never had them subpœnaed because they both told him that they would appear at the term of the court when the case was tried, and testify ; and that defendant, relying on their statements aforesaid, failed to have them subpœnaed. If the defendant did not take the necessary steps provided by law to secure the attendance of his witnesses, but relied

alone upon their promises to be present at the trial, he took the risk, and must suffer the consequences.

The judgment is affirmed.

*Affirmed.*